FILED
SUPERIOR COURT
OF GUAM

2012 JUL -9 PM 3: 17

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM1067-09 |
| | ) |
| | ) |
| vs. | ) |
| | ) **DECISION AND ORDER** |
| | ) (Motion to Dismiss Under People v. Rasauo) |
| PAUL BERNARD MARTIN | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the HONORABLE ANITA A. SUKOLA on April 23, 2012 for Defendant's Motion to Dismiss (hereinafter referred to as "Motion"). Paul Bernard Martin (hereinafter referred to as "Defendant") was present, and was represented by Attorney Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Christina Lum. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following Decision and Order.

## BACKGROUND

A Complaint was filed in the above-captioned case on November 4, 2009, charging Defendant with (1) Driving While Under the Influence of Alcohol (As a Misdemeanor). Complaint (November 4, 2009). A Notice to Appear was issued ordering Defendant to appear in court on March 17, 2010 at 9 a.m., however a Summons was not issued. Citation and Notice to Appear (March 20, 2009). Defendant was not present at the March 17, 2010, scheduled Court hearing. The Court issued a Bench Warrant on March 30, 2010. On September 9, 2011,

the Bench Warrant was served upon Defendant and he was arrested immediately afterwards. Upon his release Defendant was ordered to make his next appearance before the Court on September 21, 2011 for an arraignment hearing.

Defendant did not appear before the Court for his scheduled hearing on September 21, 2011. Consequently, Defendant's arraignment hearing was continued to October 12, 2011. This Court appointed Defendant representation on September 21, 2011.

On October 12, 2011, this Court reissued a summons for Defendant to appear on November 30, 2011 due to the Defendant not appearing once again for his scheduled hearing. An affidavit of non-service was filed on November 9, 2011 after a failure to serve a Reissue Summons upon the Defendant; Defendant no longer resided nor was employed by JR's Junk Yard which was his listed address and employer. On November 30, 2011, Magistrate Court recommended a bench warrant be issued because of the Defendant's absence at the noticed hearing; the Bench Warrant was issued on December 13, 2011.

Defendant did not appear before this Court for purposes of arraignment until December 21, 2011, at which time he waived his right to a speedy trial. Accordingly, the Court set a Trial Setting for January 9, 2012 for the instant case. Defendant was arraigned after seven hundred and seventy seven days (777) days had passed from the filing of the Complaint.

On January 3, 2012 Defendant filed a Motion to Dismiss under People v. Rasauo. Notice of Motion and Motion to Dismiss Under People v. Rasauo (January 3, 2012). The People oppose Defendant's motion. People's Opposition to Motion to Dismiss (January 19, 2012).

The Court heard Defendant's Motion to Dismiss under People v. Rasauo on April 23, 2012, where parties submitted on their respective briefs. The Court now issues this Decision.

## DISCUSSION

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant states that a Complaint was filed against him on November 4, 2009, and that the first hearing set in this matter was not until September 21, 2011, well past the 60 days within which arraignment must be had after the filing of the complaint. Def.'s Mot. Dismiss (January 3, 2012). Further, Defendant notes that upon his first appearance in this Court he was

not arraigned. Defendant contends that there was no good cause for the delay of the arraignment that appears from any information within the Defense counsel's possession.

The People oppose this motion stating that there was good cause for the delay in arraignment. The People posit that good cause can be found where the various delays were created by the Defendant's own actions (or inactions) where he did not appear at his scheduled hearings on this matter. Further good cause is claimed where there were circumstances beyond the control of the People; the judiciary building had to be evacuated and consequently cancelled scheduled hearings, including Defendant's hearing, compelling further postponement of the arraignment. The People also argued that the continuance of arraignment constituted good cause during the time where Defendant had to meet and confer with his appointed counsel. The People recommend that if the Court is inclined to dismiss, such a dismissal should be without prejudice. People's Response to Motion to Dismiss (January 19, 2012).

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. The People argue that the Court should find good cause exists for the delay. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

On its face, the time period between the filing of the Complaint and the Arraignment is violative of the 60 day rule announced in *Rasauo II*. However, there was no individual cause of the entire delay. The delay can be separated into intervals with different causes of delay which add up to the total 777 days. Each interval will be reviewed to determine if any time after January 3, 2010[2] constitutes good cause.

---

[1] This holding is hereinafter referred to as the "60 day rule."
[2] The sixtieth day falls on Sunday, January 3, 2010; thus pursuant to 8 G.C.A. § 1.25(a), the sixtieth day becomes January 3, 2010.

The *Rasauo II* court did not expand upon what constituted good cause with regard to tolling the 60 day time limit between a complaint and arraignment. However, it did state that compliance with the new standard required a case by case analysis of whether or not the specific circumstances of any given case showed good cause for delay beyond the 60 day period. *Rasauo II* ¶ 14.

The first interval within the 777 days was between the complaint and the NTA date [one hundred thirty three (133) days] which violates the 60 day rule.[3] The record does not show why a Summons was not issued.[4] Guam's Supreme Court clearly indicated that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo* at ¶ 14; 8 GCA § 80.50 (a)("It shall be the duty of all courts and judicial officers…to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). Regardless if the People were ready to prosecute, the onus is on the court as well to ensure prompt arraignment; therefore, since Defendant was not summoned to appear at an earlier date by the magistrate court, the time in excess of the 60 days that had passed after filing the complaint is not good cause. Thus, the time—seventy three (73) days—after January 3, 2010 in this interval does not have good cause for tolling the 60 day rule.

The next interval is between Defendant's NTA date and his first appearance in this Court. This interval was a period of five hundred forty one (541) days.[5] Defendant was absent for his first NTA date which caused further postponement of his arraignment. Defendant made his first appearance on this matter after he was arrested following a Bench Warrant. However, during this first appearance, Defendant was not arraigned. Court documents do not indicate why the arraignment did not occur during that appearance. Regardless of the fact that he was not arraigned then, fault of this delay can be attributed to Defendant in this interval since he did not

---

[3] Regardless of the Defendant's absence on this first scheduled appearance, had he been arraigned that day, it would have been past the 60 day rule.

[4] The Court notes that a summons is now required to automatically be issud on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20 (a). Also, currently, all persons arrested for DUI charges are brought before a magistrate for a probable cause determination prior to being released.

[5] The time between the filing of the Complaint and Defendant's first appearance was six hundred seventy four (674) days.

appear as ordered on his NTA. There is no explanation given for Defendant's absence. He is responsible for being present in court as ordered by the NTA on this matter, as such it should be expected of him to report any compelling reasons excusing his absence to the Court. Thus, through the Defendant's absence, causing further postponement of arraignment, good cause exists during this interval of 541 days.

The time after Defendant's first appearance (September 9, 2011) and his arraignment (December 21, 2011) was one hundred and three (103) days. However, twelve (12) of those days can be attributed to the fault of the Court since Defendant was not arraigned when he made his first appearance in court. The time between Defendant's first appearance and his continued scheduled hearing—which he did not attend—was 12 days. Defendant was present on this matter before the Court on September 9, 2011. On account of this, Defendant could have been arraigned at an earlier time. Therefore, the Court finds no good cause for delay in Defendant's arraignment during this 12 day period.

As for the remaining ninety one (91) days, good cause may be found for two reasons: first, the Court needed to allow Defendant to meet and confer with counsel prior to being arraigned and second, due to Defendant's absence from his scheduled appearance compelling a rescheduled continued hearing. Title 8 Guam Code Annotated secion 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama,* 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.,* 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo,* 2011 Guam 14, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 14 ¶ 53 (quoted by *Rasauo,* 2011 Guam 14 ¶ 10).

Here, the time from Defendant's absence from his scheduled hearing on September 21, 2011 (where he was also appointed counsel) and his continued hearing on October 12, 2011 was twenty one (21) days. Such a time would be a reasonable allotment for Defendant to meet and confer with his appointed counsel. There is no indication why an attorney was not appointed to Defendant in an earlier and timely fashion pursuant to the concerns addressed in *Rasauo II*. In consideration of Guam Supreme Court's concerns of prompt arraignment, this twenty one (21) day period constitutes good cause for delay.

The remaining time from Defendant's scheduled appearance (from which he was absent and had been appointed counsel) on October 21, 2009 to his arraignment December 21, 2011, was seventy (70) days. Defendant was absent from multiple scheduled hearings ordered by the Court which further postponed his arraignment. As explained above, it is Defendant's responsibility to report to any hearings ordered by the Court. Without any evidence in the record from Defendant that would excuse him for his absences, fault is attributed to him here for this delay. Thus, the Court finds good cause for the delay in Defendant's arraignment for seventy (70) days.

The next issue to address is whether the case be dismissed with or without prejudice. The Complaint was filed within eight months of the alleged offense. It has been two years since the commission of the acts which underlie this case which would normally put the case outside the one year statute of limitations for misdemeanor criminal process—which is applicable to all cases charged in Guam. However, the general statute of limitations is tolled during any period when a complaint against a defendant is pending in court, even if the complaint is later dismissed. 8 GCA § 10.50.

The Court recognizes that in *People v. Palomo*, 1998 Guam 12, the Supreme Court of Guam ruled that the proper remedy for a statutory violation of 8 GCA § 25.30 was a dismissal with prejudice. Likewise, the Supreme Court of Guam in *People v. Villapondo*, 1999 Guam 31, noted that "a showing of prejudice or any other factors which support dismissal with prejudice are unnecessary." See *Villapondo* ¶ 52 (citing *Palomo* n.8). "In *Palomo*, [the Supreme Court also] noted the disfavoring of dismissals with prejudice." *Palomo* ¶ 17. With the case at bar,

there is no similar statutory bar to re-prosecution. The Complaint was filed within eight months of the alleged offenses. This fact along with the language expressed in *Rasauo II* that "[the Supreme Court of Guam] will not exercise [its] discretion to decide, based on the record before [the high Court], whether the dismissal should be with or without prejudice," suggests that this Court consider a showing of prejudice or any other factors which may or may not support a dismissal with prejudice. The record is devoid of any information that Defendant was prejudiced, other than the Court's determination that there was a violaton of the 60 day rule.

The Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[6] is good cause. Therefore, the delays of arraignment from March 17, 2010 to September 9, 2011—a five hundred forty one (541) day delay, and from September 21, 2011 to December 21, 2011—a three month delay, were caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980)).

In addition, the Court finds that any delay allowed for Defendant to properly meet and confer before Defendant's arraignment constitutes good cause for delay. Therefore, the delay of arraignment from September 9, 2011 to October 21, 2011—a twenty one (21) day delay, caused by the Court to allow for Defendant to meet and confer with his counsel prior to the next scheduled arraignment, is good cause for purposes of the 60 day rule.

Thus, out of the seven hundred seventy seven (777) days between complaint and arraignment, good cause for purposes of the 60 day rule may be found for six hundred thirty two (632) days.

However, the seventy three (73) days between January 3, 2010—the sixtieth day after the filing of the Complaint—and Defendant's first scheduled appearance ordered by an NTA on March 17, 2010, do violate the 60 day rule. In addition, the time between Defendant's first appearance on September 9, 2011 and Defendant's next scheduled appearance on September 21, 2011—a twelve day delay, does not show any good cause for delay in arraignment. Defendant

---

[6] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.

had appeared at an earlier time in the Court on this matter and could have been duly assigned counsel and arraigned at an earlier time. Since there is not good cause shown for the duration of these two previously mentioned periods which violated the 60 day rule, Defendant's Motion is GRANTED. *Rasauo*, 2011 Guam 14 ¶ 16.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Under People v. Rasauo **without prejudice.**

**IT IS SO ORDERED** this _9th_ day of July, 2012.


_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 09 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam